**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Tobias Walton, | Case No. 2:24-cv-00111-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Scott Daniel Grimes, et al., | |
| Defendants. | |

Presently before this Court is Plaintiff's emergency motion for a protective order. ECF No. 46. Defendants opposed. ECF No. 49. No reply is necessary for this Court to resolve the motion. Because Plaintiff has not met his burden under Federal Rule of Civil Procedure 26(c)(1), this Court denies the motion. The parties are familiar with the arguments. As a result, this Court incorporates them only as relevant to its order.

**I.     ANALYSIS**

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). Such protective orders may be sought for a host of different reasons, including "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. A protective order may be issued only for "good cause." *Id*. at 26(c)(1)(A). "For good cause to exist, the party seeking a protective order must show specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992).

On November 7, 2025, the court ordered the deposition of Plaintiff's treating psychologist to go forward. ECF No. 45. The next day, on November 8, 2025, Defendants noticed the deposition for November 24, 2025. Counsel for Plaintiff immediately explained he was not available on that day and would not be available until December 1, 2025. The psychologist is

available on November 24, 2025 (such that the Rule 45's "undue burden" principle is inapplicable). Of note, a mediation is scheduled for November 25, 2025.

Rule 30(b)(1) requires reasonable written notice. Reasonableness is not defined in the rule and Plaintiff does not cite to any case for the proposition that the timeline at play is unreasonable or that it otherwise fits the standard for the issuance of a protective order. Moreover, counsel for Plaintiff has not demonstrated he cannot reschedule current obligations or explained why he is the only one who must be present at the deposition (to the exclusion of the remaining attorneys at his firm). As such, Plaintiff has not met his burden to show specific prejudice or harm will result if his motion for protective order is not granted.

## II.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion (ECF No. 46) is **DENIED**. The deposition of Jesse Leavitt may go forward as currently noticed.

**IT IS FURTHER ORDERED** that the hearing set for November 21, 2025, is **VACATED**.

DATED: November 18, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE