**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Tobias Walton, | Case No. 2:24-cv-00111-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |
| Scott Daniel Grimes, et al., | |
| Defendant. | |

On March 5, 2026, this Court held a hearing on Defendants' second motion for sanctions. ECF No. 84. At the hearing, Plaintiff was ordered to pay Defendants' costs and fees associated with Defendants' second motion for sanctions pursuant to Fed. R. Civ. P. 37. *See* ECF No. 88. Before this Court is Defendants' motion for attorney fees pursuant to this Court's order. ECF No. 89. Plaintiff filed a limited opposition at ECF No. 90, and Defendant replied at ECF No. 91. This Court grants the motion for the reasons discussed below.

### I.    Legal Standard

In determining reasonable fee awards, courts use the lodestar method as the starting point in assessing reasonable fee awards. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Under the lodestar method, a fee award is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable, but district courts have discretion to decrease or increase them. *Hensley v. Eckerhart*, 461 U.S. 424, 434-37 (1983) (requiring a clear reasoning for adjusting the amount awarded).

Requests for attorney's fees must also comply with Local rule 54-14, which requires any application to include an attorney affidavit, "[a] reasonable itemization and description of the work performed [,]" and "[a] brief summary" of 13 categories of information designed to elicit more details about the case and the work that the attorney performed. LR 54-14(a)-(b). After

calculating a lodestar figure, a court may review the reasonableness of the award based on the twelve factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The twelve *Kerr* factors are:

> (1) The time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations posed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

## II.   Analysis

### A.  Retainer Agreement

Plaintiff argues that Defendants have not supported their hourly billing rate because they have refused to provide Defendants' counsel's retainer agreement. ECF No. 83 at 2.  He argues that a court can order a party seeking attorney's fees to provide "nonprivileged financial terms of any agreement for which the claim is made" under Nevada Rule of Civil Procedure.[1] Nev. R. Civ. P. 54(d)(B)(iv). But Rule 54(d)(B)(iv) does not *require* courts to disclose these types of agreements. *Id.* (stating that a motion for attorney's fees must disclose the nonprivileged financial terms of an agreement *if the court so orders*) (emphasis added). Here, Defendants have attached an affidavit pursuant to Local Rule 54-14(b) that attests to Defendants' attorney's hourly rate. ECF No. 89-2 at 2. Therefore, this Court finds that it is unnecessary for Defendant to produce a copy of the retainer agreement to support Defendants' attorney's requested hourly rate.

---

[1] This Court is awarding attorney's fees as a sanction under Fed. R. Civ. P. 37. In diversity cases such as this, federal law applies where the law is procedural. *See Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1938). Because federal law applies, the appropriate attorney's fees analysis is the lodestar method, as discussed above. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). But Nev. R. Civ. P. 54(d)(2)(B)(iv) is identical to Fed. R. Civ. P 54(d)(2)(B)(iv), so even though federal law applies under the *Erie* doctrine, this Court can consider Plaintiff's argument.

Although Plaintiff offers no additional opposition to the hourly rate or hours billed by Defendants' attorney, this Court will independently review the reasonableness of the amount of fees sought based on what Defendants have submitted. *See* LR 7-2(d) (an unopposed motion maybe summarily granted except a motion for attorney's fees); LR 54-14(d) ("If no opposition is filed the court may grant the motion [for attorney's fees] after independent review of the record.").

B. Hourly Rates

Defendants assert that the hourly rate is reasonable considering the skill, experience, and reputation of Ms. Alessi.[2] ECF No. 84 at 4. To support this assertion, Defendant details Ms. Alessi's education, that she has been licensed to practice law in Nevada since 2005, that she has been working in the area of personal injury defense since 2008, and that she has not faced any disciplinary action from the Nevada State Bar. *Id.*

A reasonable hourly rate is the "rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Defendants request a total fee award of $6,405 for fees associated with their second motion for sanctions. ECF No. 89 at 4. The requested hourly rate of Melissa L. Alessi, the attorney that worked on this matter, is $350. *Id.*

"For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue [for attorneys] were between $250 and $400." *Scott v. Smith's Food and Drug Ctrs. Inc.*, Case No. 2:18-cv-303-JCM-VCF, 2020 WL 343642, at *2 (D. Nev. Jan. 21, 2020) (compiling cases). Specifically, the Court has approved an hourly rate of $350 for an attorney who had been practicing for 20-plus years. *See Doud v. Yellow Cab of Reno, Inc.*, No. 3:13-cv-00664-WGC,

---

[2] Defendants argue that the attorney's fees are reasonable pursuant to *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 455 P.2d 31, 34 (1969). Although federal law applies under the *Erie* doctrine, the *Brunzell* analysis has some overlap with the lodestar method in that the *Brunzell* factors consider the qualities of the advocate, similar to the analysis of the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Thus, this Court considers Defendants' arguments in the context of the lodestar method and *Kerr* factors.

2015 WL 5286996, at *4 (D. Nev. Sept. 10, 2025). Accordingly, this Court finds that Ms. Alessi's hourly rate of $350 is reasonable.

C. Number of Hours Expended

The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). A court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433-34. Courts have "a great deal of discretion" in determining the reasonableness of the hours claimed by the prevailing party. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010).

Defendant requests fees for 18.3 hours of work. ECF No. 89-1 at 2. Plaintiff does not dispute the hours billed. Based on its review of Defendants' itemization and description of the work performed, this Court finds that the hours billed are reasonable.

D. Lodestar Amount

This Court has reviewed the *Kerr* factors and finds that this case does not present special circumstances warranting further adjustment of the lodestar amount. Counsel's time and labor expended are adequately reflected in the lodestar amount, as are the reasonable hourly rates approved above. Accordingly, this Court awards the full $6,405 in fees to Defendant for work performed in connection with its second motion for sanctions.

**III.    Conclusion**

**IT IS ORDERED** that the motion for attorney's fees (ECF No. 89) is **GRANTED**. Defendants' attorney is awarded attorneys' fees pursuant to this Court's order of sanctions pursuant to Fed. R. Civ. P. 37 in the amount of $6,405.

DATED: June 8, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE