**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TOBIAS WALTON,

Plaintiff,

vs.

SCOTT DANIEL GRIMES, *et al.*,

Defendants.

Case No.: 2:24-cv-00111-GMN-BNW

**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 57), filed by Defendants Scott Daniel Grimes and Pilot Travel Centers, LLC. Plaintiff Tobias Walton filed a Response, (ECF No. 63), to which Defendants filed a Reply, (ECF No. 68).

For the reasons discussed below, the Court GRANTS, in part, and DENIES, in part, Defendants' Motion for Partial Summary Judgment.

## I. <u>BACKGROUND</u>

This case arises from a collision between Plaintiff Tobias Walton and Defendant Scott Grimes on January 24, 2022. (*See generally* Compl., Ex. A to Mot. Partial Summ. J., ECF No. 57). Walton was driving a 2019 Nissan Altima sedan eastbound on Craig Road while Grimes, driving a 2020 Kenworth semi-truck owned by Defendant Pilot Travel Centers ("Pilot"), drove directly behind him. (Mot. Partial Summ. J. 2:19–3:3, ECF No. 57); (Resp. 1:27–2:1, ECF No. 63). As Walton approached a crosswalk, a crossing guard entered the crosswalk, causing Walton to stop his vehicle. (Mot. Partial Summ. J. 3:4–7). Grimes was unable to stop his vehicle in time, and as a result collided with the rear of Plaintiff's vehicle. (*Id.* 3:6–7).

At the time of the accident, Grimes possessed an Arizona commercial driver's license ("CDL"). (*Id.* 3:8–10). Grimes's CDL had never been suspended or revoked, and he had not been involved in any motor vehicle accidents in the five years prior to the accident. (*Id.* 3:15–

16) (citing Grimes Interrogatories 11:10-15, Ex. G to Mot. Partial Summ. J., ECF No. 57). Grimes began working as a truck driver for Pilot in 2007 and retired on April 1, 2022. (*Id.* 3:19-20). It is undisputed that during the accident, Grimes was operating the semi-truck within the course and scope of his employment by Pilot. (*Id.* 1:23–2:2).

Walton initiated this action in the Eighth Judicial District Court of Clark County, Nevada, asserting the following claims against Defendants: (1) negligence, (2) negligent entrustment, and (3) negligent hiring, training, and supervision. (Compl. ¶¶ 11–33, Ex. A to Mot. Partial Summ. J.). Defendants thereafter removed to this Court. (*See generally* Pet. Removal, ECF No. 1). The parties then stipulated to dismiss Plaintiff's third cause of action for negligent hiring, training, and supervision with prejudice, which the Court granted. (Order Granting Stip. Dismiss, ECF No. 59).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). A principal

purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Restaurants., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quotation marks and citation omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) (quoting *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89) However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute

exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by "relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmoving party is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

Defendants move for summary judgment on Plaintiff's second claim for negligent entrustment, which is styled in his Complaint as "Negligent Entrustment / Joint & Several Liability / Agency Respondeat Superior / Vicarious Liability." (*See generally* Mot. Partial Summ. J.); (Compl. 4:4-5, Ex. A to Mot. Partial Summ. J.). Plaintiff's Response appears to confuse the issues, instead focusing on his claim for negligent hiring, training, and supervision. (*See* Resp. 7:1–9:2). However, as explained above, the parties stipulated to dismiss Plaintiff's claim for negligent hiring, training, and supervision with prejudice. (*See* Order Granting Stip. Dismiss). Accordingly, Plaintiff fails to respond to most of Defendants' Motion for Partial Summary Judgment. Under this Court's Local Rules, the failure of an opposing party to file

points and authorities in response to any motion, *except* a motion for summary judgment, constitutes a consent to the granting of the motion. LR 7-2(d). Accordingly, the Court addresses the merits of Defendants' motion despite Plaintiff's failure to respond.

Defendants raise two arguments with respect to Plaintiff's second claim. First, Defendants argue that because respondeat superior, joint and several liability, and vicarious liability are theories of liability, not causes of action, and thus should be dismissed. (Mot. Partial Summ. J. 5:21–6:17). Second, Defendants argue that Plaintiff has not provided any evidence on which a reasonable juror could conclude that Defendant Pilot negligently entrusted Grimes with the Pilot truck. (*Id.* 6:18–7:21). The Court addresses each in turn.

**A. Plaintiff's Theories of Liability**

As discussed above, Plaintiff fails to respond to Defendants' argument regarding the inclusion of respondeat superior, joint and several liability, and vicarious liability in Plaintiff's second claim. (*See generally* Resp.). Instead, Plaintiff argues that his "claim" for vicarious liability does not render his other claims redundant. (*Id.* 4:19–6:28). However, Defendants do not raise a redundancy argument in their Motion. (*See generally* Mot. Partial Summ. J.); (Reply 3:9–15, ECF No. 68). Rather, Defendants' argument is simple: respondeat superior, joint and several liability, and vicarious liability are theories of liability, not standalone claims. (Mot. Partial Summ. J. 5:22–6:10).

The Court agrees. Plaintiff may use any of these theories of liability to hold Pilot liable for Grime's negligence, but he may not assert these theories as separate claims. *See, e.g.*, *Gonzalez v. Nev. Dep't of Corr.*, No. 2:12-cv-02143-RFB-CWH, 2015 WL 4711108, at *7 (D. Nev. Aug 6, 2015) ("Respondeat superior is better understood as a theory of liability than as an independent cause of action . . . [c]ourts in this district have routinely dismissed respondeat superior and vicarious liability causes of action for this reason."). Accordingly, to the extent that Plaintiff asserts "claims" for respondeat superior, joint and several liability, and vicarious

liability, the Court GRANTS Defendants' Motion for Partial Summary Judgment with respect to those claims. The Court again notes that these theories of liability remain available to Plaintiff but cannot exist as standalone claims.

**B. Negligent Entrustment**

Under Nevada law, a person may be liable for negligent entrustment if he "knowingly entrusts a vehicle to an inexperienced or incompetent person, such as a minor child unlicensed to drive a motor vehicle." *Zugel by Zugel v. Miller*, 688 P.2d 310, 312 (Nev. 1984). To prevail on a claim for negligent entrustment, a plaintiff must show that (1) an entrustment actually occurred, and (2) the entrustment was negligent. *Id.* at 313. Because Defendants do not bear the burden of proving this claim at trial, they can establish their initial burden either by (1) presenting evidence to negate an essential element of the nonmoving party's case, or (2) demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

Here, it is undisputed that Pilot entrusted the Pilot truck to Grimes. (Mot. Partial Summ. J. 7:3–4); (Resp. 8:25-26). Thus, the only remaining question is whether that entrustment was negligent. Defendants contend that they are entitled to summary judgment on Plaintiff's negligent entrustment claim because (1) Grimes had his CDL for twenty years prior to the accident with no history of suspension or revocation, (Grimes Depo. 11:13–23, 12:12–20, Ex. F to Mot. Partial Summ. J., ECF No. 57); (2) Pilot administers road tests to its drivers to determine their ability to drive a combination vehicle, (Halander Depo. 29:19–24, Ex. I to Mot. Partial Summ. J., ECF No. 57); and (3) there is no evidence showing that Grimes had any accidents or drove under the influence in the five years prior to the accident, (*id.* 29:15–19).

In Response, Plaintiff argues that there are still factual issues in dispute which could lead reasonable jurors to conclude that Pilot was negligent in entrusting Grimes with its vehicle.

Specifically, Plaintiff avers that Grimes had a history of speeding while working for Pilot, and that Pilot was alerted of each infraction by their Speed Gauge system, which monitors drivers' speeds. (Resp. 7:23–8:8) (citing Halander Dep. 45–48, Ex. I to Mot. Partial Summ. J.). In his deposition, Pilot's senior transportation manager Eric Halander explained that Grimes was registered as speeding multiple times in the month of June 2019. (*Id.* 46:8–22). Pilot argues on Reply that because those speeding incidents took place two and a half years before the subject accident, they are not relevant to Plaintiff's negligent entrustment claim. (Reply 5:3–5). However, a reasonable jury could find that given Grimes's history of speeding, and Pilot's knowledge of that history, it was negligent to continue allowing Grimes to drive for Pilot. *See, e.g.*, *Terrell v. Cent. Wash. Asphalt, Inc.*, 168 F. Supp. 3d 1302, 1312 (D. Nev. Mar. 7, 2016) (concluding that a reasonable jury could find that driver's history of driving long hours in violation of company policy supports a claim for negligent entrustment).

Viewing the evidence in a light most favorable to Plaintiff, genuine issues of material fact remain on their negligent entrustment claim based on the theory that Grimes had a history of speeding. The Court thus finds that Plaintiff has met his burden of establishing a genuine issue of material fact, and summary judgment on his negligent entrustment claim is not appropriate. Therefore, the Court DENIES Defendants' Motion for Partial Summary Judgment on this claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment, (ECF No. 57), is **GRANTED**, in part, and **DENIED** in part.

Defendants' Motion for Partial Summary Judgment is **GRANTED** with respect to Plaintiff's claims for respondeat superior, joint and several liability, and vicarious liability, and **DENIED** with respect to Plaintiff's claim for negligent entrustment.

///

Accordingly, Plaintiff's claims for negligence and negligent entrustment survive summary judgment. **IT IS FURTHER ORDERED** that the parties must file a Joint Pretrial Order no later than October 28, 2026.

**DATED** this _29_ day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT